UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARRITTE FUNCHES,

    Plaintiff,

vs.

ELDON K. McDANIEL, *et al*,

    Defendants.

3: 10-cv-00127-LRH-VPC

**ORDER**

    Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, originally filed this civil rights action pursuant to 42 U.S.C. § 1983 in state court on December 17, 2009. (Docket #1-2). Defendants removed the action to this court on March 5, 2010. (Docket #1.) The Court has screened plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A and finds that it must be dismissed in part.

**I.    Screening Pursuant to 28 U.S.C. § 1915A**

    Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that of the United States was violated, and (2) that the alleged violation was committed

by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims

of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. Screening of the Complaint

Plaintiff sues defendants E.K. McDaniel, Warden of Ely State Prison; Adam Endel, Associate Warden of Ely State Prison; Thomas Prince, Lieutenant at Ely State Prison; Paul Hunt, Sergeant at Ely State Prison; Ronald Bryant, Sergeant at Ely State Prison; Cameron Horsley, Senior Corrections Officer at Ely State Prison; Curtis Rigney, Corrections Officer at Ely State Prison; and Rick Rimington, Correctional Officer at Ely State Prison. Plaintiff alleges that he has been treated differently than others in comparable circumstances and in violation of established policies. He claims that he has suffered discrimination and retaliation and punishment for his religious and political beliefs, and for pursuing his rights under the United States Constitution and the Nevada State Constitution. Plaintiff further alleges that he has been denied due process and access to the courts through the taking and destruction of vital legal documents and literature. Plaintiff seeks monetary damages as well as injunctive and declaratory relief.

### A. Defendants

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Supervisory personnel are generally not liable under section 1983 for the actions of their

employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To show a *prima facie* case of supervisory liability, plaintiff must allege facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or implemented "a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (quoting *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under Section 1983. *See Leatherman v. Tarrant County Narcotics Unit*, 113 S.Ct. 1160, 1163 (1993).

### B. General Statement Regarding Claims for Relief

In his general statement regarding his claims for relief, found at page 15 of the complaint at number 47, plaintiff states that he seeks monetary damages, and declaratory and injunctive relief, for defendants' discriminatory acts and retaliation against him for his religious and political beliefs. Plaintiff claims that because of his political and religious beliefs, defendants deprived him of his personal property and destroyed some of his property without just compensation, upon his transfer to Ely State Prison. Plaintiff also claims that because of his beliefs, defendants held him in an empty cell in the freezing cold of winter, with no clothing beyond an orange jumpsuit and none of his legal, religious or other property for thirteen days.

### C. First Claim - First Amendment

In his first claim for relief, found at page 15 of the complaint at number 48, plaintiff alleges that defendants violated his First Amendment rights when they intentionally deprived him of his religious and other education literature and caused the destruction thereof. Plaintiff claims that defendants had no purpose other than to retaliate against and punish him for his religious and political beliefs. In the body of the complaint, plaintiff alleges in detail the events which occurred upon his transfer to Ely State Prison, including multiple searches of his property by different prison

4

employees and the unauthorized removal of various items.

To establish a prima facie case of retaliation for the exercising of a constitutional right, plaintiff must allege and show that defendants acted to retaliate for his exercise of a protected activity, and defendants' actions did not serve a legitimate penological purpose. *See Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). A plaintiff asserting a retaliation claim must demonstrate a "but-for" causal nexus between the alleged retaliation and plaintiff's protected activity (i.e., filing a legal action). *McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir. 1979); *see Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977). The prisoner must submit evidence, either direct or circumstantial, to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. *Pratt*, 65 F.3d at 806. Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent. *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1316 (9th Cir. 1989). The court finds that under the facts alleged in the complaint regarding the discriminatory treatment he received based on his religious and political beliefs, the court finds that plaintiff has stated a colorable First Amendment retaliation claim.

**D.    Second Claim  - Fourth Amendment**

In his second claim, found on page 16 at number 49, plaintiff alleges that defendants deprived him of his rights under the Fourth Amendment by subjecting him to excessive search and seizure, and to destruction of his property without just cause or compensation. Plaintiff also claims that defendants violated his Fourth Amendment rights by failing to follow administrative rules and procedures.

The Fourth Amendment to the United States Constitution establishes in part "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." An inmate ordinarily has no reasonable expectation of privacy to his jail cell or his possessions within it. *Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984). Moreover, after the Supreme Court decision in *Sandin v. Connor*, 515 U.S. 472, 485-86 (1995), a jail official cannot be liable for inspecting an inmate's legal materials outside his presence, even where a jail's regulations prohibit it, because such conduct is "simply not a dramatic departure from the basic conditions of

incarceration." *Mitchell v. Dupnik*, 75 F.3d 517, 522 (1996).  Further, the Fourth Amendment provides no protection from takings without just compensation and has no application to the failure of state authorities to follow administrative rules and procedures.  The court finds, therefore, that the allegations in the second claim fail to state a colorable Fourth Amendment claim.  The court will therefore dismiss plaintiff's second claim for failure to state a claim upon which relief can be granted.

### E.    Third Claim - Fifth Amendment

In his third claim, found on page 16 at number 50, plaintiff claims that defendants violated his rights under the Fifth Amendment by intentionally and maliciously punishing him and depriving him of his property through malicious misuse of prison disciplinary process, each without just cause or compensation.  The just compensation clause of the Fifth Amendment applies to takings for public use, and generally refers to takings of land.   Plaintiff has not alleged that his personal property was taken for public use.  Thus, the just compensation clause has no application to this plaintiff's complaint.  Further, claims of deprivation by state authorities of life, liberty or property without due process of law arise under the Fourteenth Amendment.  Thus, plaintiff's third claim, based on the Fifth Amendment, will be dismissed for failure to state a claim upon which relief can be granted.

### F.    Fourth Claim - Eighth Amendment

Plaintiff's fourth claim, found on page 16 at number 51, alleges that defendants subjected plaintiff to cruel and unusual punishment in violation of the Eighth Amendment by failing to follow administrative rules, by placing him in a cold cell with no property for thirteen days, by intentionally causing the destruction of his religious, legal and other property, and subjecting him to threats, retaliation and punishments for his religious and political beliefs

Plaintiff's allegations regarding defendants' failure to follow administrative procedures and intentional destruction of property sound in due process and do not state an Eight Amendment claim.

Plaintiff alleges that defendants subjected him to cruel and unusual punishment by holding him in a freezing cold, empty cell in the middle of winter, with no clothing other than an orange jumpsuit and none of his personal property, for thirteen days.

6

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Id*.; *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). Under the facts alleged, plaintiff has stated a colorable claim under the Eighth Amendment for being kept in inhumane conditions.

Plaintiff's retaliation claim is duplicative of that stated in his second claim, and mere verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987).

The court concludes that plaintiff's fourth claim states a colorable Eighth Amendment claim based on plaintiff's allegations regarding being placed in a freezing cold, empty cell in the middle of winter, with no clothing other than an orange jumpsuit and none of his personal property, for thirteen days.

**G.     Fifth Claim - Fourteenth Amendment**

Plaintiff's fifth claim, found on pages 16 and 17 at number 52, alleges that defendants were deliberately indifferent to and violated his Fourteenth Amendment rights to equal protection and due process. He claims that defendants conspired to discriminate against him and punish him for his political and religious beliefs by depriving him of his personal property and causing the destruction thereof, by misuse of the disciplinary process, by housing him in a freezing cold cell without property for thirteen days, and by failing to enforce or follow established rules and regulations.

The Fourteenth Amendment provides in part, "nor shall any State deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." As discussed above, plaintiff's claims regarding punishment and being placed in a cold cell for thirteen days fall within the Eighth Amendment prohibition against cruel and unusual punishment. They do not state a claim under the Fourteenth Amendment.

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. *See San Antonio*

7

1  *School District v. Rodriguez*, 411 U.S. 1 (1972).  In order to state a § 1983 claim based on a
2  violation of the equal protection clause of the Fourteenth Amendment, a plaintiff must allege that
3  defendants acted with intentional discrimination against plaintiff.  *Lowe v. City of Monrovia*, 775
4  F.2d 998, 1010 (9th Cir. 1985); *Federal Deposit Ins. Corp. v. Henderson*, 940 F.2d 465, 471 (9th
5  Cir. 1991).  The court finds that in this case, by claiming that he has suffered deprivation of personal
6  property without due process because of his religious and political beliefs, plaintiff has stated a
7  colorable equal protection claim under the Fourteenth Amendment.

8        In order to state a cause of action for deprivation of procedural due process, a plaintiff must
9  first establish the existence of a liberty interest for which the protection is sought.  In *Sandin v.*
10 *Connor*, 515 U.S. 472, 487 (1995), the Supreme Court abandoned earlier case law which had held
11 that states created protectable liberty interests by way of mandatory language in prison regulations.
12 *Id*.  Instead, the Court adopted an approach in which the existence of a liberty interest is determined
13 by focusing on the nature of the deprivation.  *Id*.  In doing so, the Court held that liberty interests
14 created by prison regulations are limited to freedom from restraint which "imposes atypical and
15 significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484.

16       Where a protected liberty interest exists, the Supreme Court has set out the following
17 procedural due process requirements for disciplinary detention of a prisoner: (1) written notice of the
18 charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of
19 the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders
20 of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to
21 call witnesses in his defense, when permitting him to do so would not be unduly hazardous to
22 institutional safety or correctional goals; (5) legal assistance to the prisoner where the prisoner is
23 illiterate or the issues presented are legally complex.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

24       Under *Sandin*, plaintiff's bare allegations that defendants failed to follow established rules,
25 procedures, and regulations do not state a due process claim.  In regard to his due process claim
26 related to the disciplinary proceeding, plaintiff alleges that he was not allowed to present evidence in
27 his defense.  For example, he states that he was not allowed to present evidence that would have
28 shown that the documents taken were religious and educational in nature, properly obtained and

within all existing rules and regulations, and available for check out in the Ely State Prison library. The court finds that under the facts alleged, plaintiff states a colorable Fourteen Amendment due process claim in connection with his disciplinary hearing.

Plaintiff alleges that his personal property were destroyed by defendants who are employees at Ely State Prison. In *Hudson v. Palmer*, the United States Supreme Court held that intentional deprivation of an inmate's property by prison employees does not violate the Due Process Clause, provided that adequate state post-deprivation remedies are available. 468 U.S. 517, 533-534 (1984). Nevada law provides for civil actions for the wrongful deprivation of property by state officials. *See* NRS 41.031; NRS 41.0322.[1] Plaintiff may seek redress in the state system, but he cannot sue in federal court on the claim that the state deprived him of property without due process of the law.

**III.  Conclusion**

**IT IS THEREFORE ORDERED** that the Clerk of the Court shall **FILE** the complaint. (Docket #1-2.)

**IT IS FURTHER ORDERED** that plaintiff's first claim for relief states a colorable First Amendment retaliation claim. All other claims contained within plaintiff's first claim for relief are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's second claim for relief is **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that plaintiff's third claim for relief is **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that plaintiff's fourth claim for relief states a colorable

---

[1] A person who is or was in the custody of the Department of Corrections may not proceed with any action against the Department or any of its agents, former officers, employees or contractors to recover compensation for the loss of his personal property, property damage, personal injuries or any other claim arising out of a tort pursuant to NRS 41.031 unless the person has exhausted his administrative remedies provided by NRS 209.243 and the regulations adopted pursuant thereto.

Eighth Amendment claim based on conditions of confinement. All other claims within the fourth claim for relief are **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that plaintiff's fifth claim for relief states a Fourteenth Amendment equal protection claim based on discriminatory treatment based on his religious and political beliefs. It also states a colorable Fourteenth Amendment due process claim in connection with his disciplinary hearing. All other claims within the fifth claim for relief are **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** as follows:

1. The Clerk **shall electronically serve a copy of this order, including the attached Notice of Intent to Proceed with Mediation form, along with a copy of plaintiff's complaint, on the Office of the Attorney General of the State of Nevada, to the attention of Pamela Sharp**.

2. The Attorney General's Office shall advise the Court within **twenty-one (21) days** of the date of entry of this order whether it can accept service of process for the named defendants. As to any of the named defendants for which the Attorney General's Office cannot accept service, the Office shall file, *under seal*, the last known address(es) of those defendant(s).

3. If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for said defendant(s). Plaintiff is reminded that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days of the date the complaint was filed.

4. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30) days** following the date of the early inmate mediation. If the court declines to mediate this case, an answer or other response shall be due within **thirty (30) days** following the order declining mediation.

5. The parties **SHALL DETACH, COMPLETE, AND FILE** the attached Notice of Intent to Proceed with Mediation form on or before **thirty (30) days** from the date of entry of this order.

**IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon defendants or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants.  If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein.  The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk which fails to include a certificate showing proper service.

DATED this 2nd day of November, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

_____
Name
_____
Prison Number (if applicable)
_____
Address
_____

_____

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

_____, )   Case No. _____
                Plaintiff,             )
                                       )
v.                                     )   **NOTICE OF INTENT TO**
                                       )   **PROCEED WITH MEDIATION**
_____    )
                                       )
_____      )
                Defendants.            )
_____)

This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

1. Do you wish to proceed to early mediation in this case? \_\_\_\_ Yes   \_\_\_\_ No

2. If no, please state the reason(s) you do not wish to proceed with mediation? _____

   _____

   _____

   _____

3. List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).

   _____

   _____

   _____

4. List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

   _____

_____

_____

_____

5. Are there any other comments you would like to express to the court about whether this case is suitable for mediation. You may include a brief statement as to why you believe this case is suitable for mediation. (Attach additional pages if needed).

_____

_____

_____

_____

**This form shall be filed with the Clerk of the Court on or before twenty (20) days from the date of entry of this order.**

<u>Counsel for defendants</u>: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this \_\_\_\_ day of _____, 2010.

_____
Signature

_____
Name of person who prepared or helped prepare this document a right secured by the Constitution or laws

13