**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MARRITTE FUNCHES,                         )
                                          )
                                          )      3:10-cv-00127-LRH-VPC
                 Plaintiff,               )
         v.                               )      **REPORT AND RECOMMENDATION**
                                          )      **OF U.S. MAGISTRATE JUDGE**
ELDON K. MCDANIEL, *et al.,*              )
                                          )
                 Defendants.              )      July 29, 2011
_____ )

        This Report and Recommendation is made to the Honorable Larry R. Hicks, United States

District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C.

§ 636(b)(1)(B) and LR IB 1-4.  Before the court is defendants' motion to dismiss (#17).[1]  Plaintiff

opposed (#21), but also filed an additional document, styled "Permission to File Motion," requesting

permission to file an amended "opposition to defendants [sic] motion to dismiss/summary judgment"

(#24).  The court granted plaintiff's motion (#27), accepted his amended opposition (#23), and

offered defendants an opportunity to reply.  Defendants replied, raising the issue of personal

participation for the first time in their reply (#28).  The court granted plaintiff an opportunity to file

a surreply to address the issue of personal participation (#29), which plaintiff timely filed (#30).  The

following recommendation is based upon the court's thorough review of the motion and record.

**I.  HISTORY & PROCEDURAL BACKGROUND**

        Plaintiff Marritte Funches ("plaintiff") is an inmate at Ely State Prison ("ESP") in the custody

of the Nevada Department of Corrections ("NDOC") (#31).  Plaintiff's complaint alleges violations

of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights (#8).  Pursuant to 28 U.S.C. §

1915A, the court screened the complaint and permitted the following claims to proceed: (1)

retaliation against plaintiff for his religious and political beliefs in violation of the First Amendment,

(2) Eighth Amendment conditions of confinement claim related to inhumane housing conditions, (3)

_____
        [1]        Refers to the court's docket numbers.

1   Fourteenth Amendment equal protection claim related to defendants' alleged deprivation of

2   plaintiff's personal property without due process based on his religious and political beliefs, and (4)

3   Fourteenth Amendment due process violations in connection with a disciplinary hearing (#7).

4          Plaintiff alleges that defendants retaliated against him for his religious and political beliefs

5   by depriving him of and destroying his property, and subjecting him to impermissible conditions of

6   confinement (#8, p. 15-16).  Plaintiff complains of being housed in an empty, cold cell without any

7   property or clothing, other than an orange jumpsuit, for thirteen days.  *Id.* at 8, 16.  Further, plaintiff

8   alleges that during a disciplinary hearing for a notice of charges accusing him of possessing

9   contraband, gang materials, and for failure to follow prison rules, he was not allowed to present

10   evidence, nor did the disciplinary officer provide plaintiff with reasoning for his findings.  *Id.* at 13.

11   Plaintiff also states that the deprivation of his property without due process of law was the result of

12   defendants' intentional discrimination against him based on his religion and political beliefs.  *Id.* at

13   16-17.

14          Defendants motion to dismiss plaintiff's first and fifth claims for failure to exhaust his

15   administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA") and Administrative

16   Regulation ("AR") 740 is before the court (#17, p. 7).  Defendants argue that plaintiff's grievance

17   forms related to his property issues "failed to mention any religious or political discrimination." *Id.*

18   at 6.  Defendants believe "[p]laintiff is attempting to elevate his property claim from a simple small

19   claims issue to a federal case by using the terms religious and political discrimination." *Id.* at 6-7.

20   Additionally defendants state that plaintiff failed to exhaust his administrative remedies related to

21   the disciplinary hearing because he "only grieved to the first level." *Id.* at 7.  To support these

22   assertions, defendants include a copy of Administrative Regulation ("AR") 740 and plaintiff's

23   inmate issue history (#s 17-2 to 17-8).  To authenticate plaintiff's inmate issue history, defendants'

24   former attorney submitted an affidavit stating that she "accessed Nevada Department of Corrections

25   database (NOTIS) and printed [plaintiff's] inmate issue history reports which is [sic] attached to this

26   filing" (#17-1, p. 1).  She further asserts that "this is a true and accurate copy of [plaintiff's] NOTIS

27   records." *Id.*

28          In his opposition, plaintiff argues that defendants' Exhibit B, plaintiff's NOTIS report, is

1   inadmissible because it does not include "affidavits from the officers, employees, or defendants who

2   wrote them" (#23, p. 3). Further, plaintiff argues that he did properly exhaust his claims included

3   in counts one and five. *Id.* at 3-5. Plaintiff includes copies of his grievance forms to support these

4   assertions (#23, pp. 86-125; #23-1, pp. 1-56). Finally, plaintiff notes that defendants do not dispute

5   that he properly exhausted his administrative remedies for count four, and states that he should be

6   awarded summary judgment on this claim, citing to the court's screening of his complaint as proof

7   that he suffered unconstitutional conditions of confinement.[2] *Id.* at 5-8.

8       Defendants' reply asserts that plaintiff's NOTIS report is admissible under the business

9   record exception to the hearsay rule (#28, p. 2-3) (citing Fed. R. Evid. 803(6)). Notwithstanding this

10   argument, defendants note that "there is a basis on which the Court can find that dismissal of

11   plaintiff's Eighth Amendment claim is unwarranted at this point, as Plaintiff has presented evidence

12   that suggests he did avail [himself] of the grievance process." *Id.* at 3. Defendants likewise explain

13   that there is "a basis on which the Court could reasonably conclude that Plaintiff's retaliation and

14   equal protection claims survive Defendants' exhaustion argument." *Id.* (citing to grievance forms

15   attached to plaintiff's opposition). Having conceded their original exhaustion arguments, defendants

16   raise for the first time in their reply brief the argument that plaintiff failed to allege personal

17   participation in his complaint for defendants Rimington, Rigney, McDaniel, and Endel. *Id.*

18   Therefore, defendants explain, plaintiff's claims against these defendants should be dismissed for

19   failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Id.* at 3-4.

---

[2]   To the extent that plaintiff includes a motion for summary judgment on his Eighth Amendment conditions of confinement claim in his opposition to defendants' motion to dismiss, the court rejects this attempt (#23, p. 5). Plaintiff's cited evidence to support the attempted motion fails to show that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). Plaintiff relies on the court's screening order, which allowed his Eighth Amendment conditions of confinement claim to proceed, and defendants' decision not to assert a failure to exhaust argument for this claim (#23, pp. 6-7). The court's order permitting plaintiff's claim to proceed simply means that the court finds that plaintiff states a claim under Federal Rule of Civil Procedure 12(b)(6) in his complaint, it does not speak to the merits of plaintiff's claim. Likewise, defendants' decision not to pursue a motion to dismiss for failure to exhaust does not address the legitimacy of plaintiff's claim, but merely suggests that plaintiff exhausted his remedies with respect to the claim. As defendants briefly note in their reply, plaintiff admitted in his grievances that prison officials provided him with clothing and blankets, which defendants believe is one example of a genuine dispute as to the material facts relevant to plaintiff's Eighth Amendment claim (#28, p. 5). Summary judgment would be inappropriate in light of such a factual dispute.

3

1    The court granted plaintiff an opportunity to file a surreply to address defendants' personal

2    participation arguments (#29).  In plaintiff's surreply he notes that defendants filed their reply brief

3    late (#30, p. 1).  Plaintiff further argues that he has submitted ample evidence to demonstrate the

4    personal involvement of defendants Rimington and Rigney, citing Exhibit E to his opposition.  *Id.*

5    at 2.  Plaintiff also states that defendants Endel and McDaniel cannot escape liability just because

6    they are supervisors, given that they knew plaintiff's rights were being violated and they did nothing

7    to correct the unlawful behavior.  *Id.* at 4.

8    The court notes that the plaintiff is proceeding *pro se*.  "In civil rights cases where the

9    plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the

10   benefit of any doubt."  *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988)

11   (citation omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

12                              **II.  DISCUSSION & ANALYSIS**

13   **A.     Discussion**

14            **1.      Exhaustion**

15   The failure to exhaust is an affirmative defense, and the defendant bears the burden of raising

16   and proving failure to exhaust.  *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), *cert. denied*

17   540 U.S. 810 (2003).  The failure to exhaust administrative remedies is treated as a matter in

18   abatement, and is properly raised in an unenumerated 12(b) motion.  *Wyatt*, 315 F.3d at 1119

19   (citations omitted); *see also Ritza v. Int'l Longshoremen's and Warehousemen's Union*, 837 F.2d

20   365, 368 (9th Cir. 1988).  As such, failure to exhaust is not properly raised in a motion for summary

21   judgment, but if it is so raised, it should be treated as a motion to dismiss.  *Ritza*, 837 F.2d at 368

22   (citations omitted).  If the court ultimately finds that plaintiff has not exhausted his nonjudicial

23   remedies, the proper remedy is dismissal of his claims without prejudice.  *Wyatt*, 315 F.3d at 1119-

24   20, as noted in *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1059 (9th Cir. 2007); *see also Ritza*,

25   837 F.2d at 368.  In *Ritza*, the court noted the distinction between summary judgment and dismissal

26   for matters in abatement as it concerns the court's authority to resolve factual disputes:

27            [One] reason why a jurisdictional or related type of motion, raising matter in
              abatement . . . , should be distinguished from a motion for summary judgment relates
28            to the method of trial. In ruling on a motion for summary judgment the court should

                                              4

1
2
3

> not resolve any material factual issue . . . . If there is such an issue it should be resolved at trial . . . . On the other hand, where a factual issue arises in connection with a jurisdictional or related type of motion, the general view is that there is no right of jury trial as to that issue . . . and that the court has a broad discretion as to the method to be used in resolving the factual dispute.

4    *Ritza*, 837 F.2d at 369 (citations omitted).  Therefore, the court must treat the exhaustion issue as one

5    raised in an unenumerated 12(b) motion, and is tasked with resolving factual issues that arise.

6          **2.      Motion to Dismiss for Failure to State a Claim**

7          "A dismissal under Federal Rule of Civil Procedure 12(b)(6) is essentially a ruling on a

8    question of law.*"   North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983)

9    (citation omitted).   To survive a motion to dismiss, a complaint must contain sufficient factual

10   matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

11   129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

12   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

13   the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell*

14   *Atlantic Corp.*, 550 U.S. at 556).

15         When considering a motion to dismiss for failure to state a claim upon which relief can be

16   granted, the court employs to a two-pronged approach.  *Id.*  First, the court must accept as true all

17   of the allegations contained in a complaint is inapplicable to legal conclusions.  *Id.*  Second, only a

18   complaint that states a plausible claim for relief survives a motion to dismiss.  *Id.* at 1950.  In other

19   words, for the nonmovant to succeed, "the non-conclusory 'factual content,' and reasonable

20   inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."

21   *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Bell Atlantic Corp.*, 550 U.S.

22   at 557).  Thus, a complaint may be dismissed as a matter of law for "(1) lack of a cognizable legal

23   theory or (2) insufficient facts under a cognizable legal claim."  *Smilecare Dental Grp. v. Delta*

24   *Dental Plan,* 88 F.3d 780, 783 (9th Cir. 1996) (quoting *Robertson v. Dean Witter Reynolds, Inc.,* 749

25   F.2d 530, 534 (9th Cir. 1984)).

26         Under Section 1983, a plaintiff must allege that (1) defendants subjected him to the

27   deprivation of a right, privilege or immunity guaranteed by the U.S. Constitution or federal law, and

28   (2) that the defendant acted under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see*

1   *also Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

2   **B.  Analysis**

3        **1.      Failure to Exhaust Administrative Remedies**

4        Defendants originally moved this court to dismiss plaintiff's claims contained within his first

5   and fifth causes of action for failure to exhaust his administrative remedies.  Defendants did not

6   include plaintiff's fourth cause of action in their motion.  However, in their reply brief, defendants

7   concede that plaintiff presented evidence - grievance forms - which effectively contradicts their

8   claims and shows that plaintiff exhausted his administrative remedies for his first, fourth, and fifth

9   causes of action.  Upon review of plaintiff's grievance forms, the court agrees with defendants

10  assessment of the evidence and finds no need to exhaustively detail the reasoning here.

11       Even if defendants did not concede the point, the evidence they submit in support of their

12  claim that plaintiff failed to exhaust his administrative remedies is not admissible.  As plaintiff notes,

13  defendants submit his NOTIS records without proper authentication.  While defendants correctly

14  stated in their reply that these records are admissible as an exception to the hearsay rule because they

15  are business records, they fail to consider the entirety of the rule.  Federal Rule of Evidence 803(6)

16  states in relevant part that the following records are admissible even though the declarant may be

17  available as a witness:

18       A memorandum, report, record, or data compilation, in any form, of acts, events,
         conditions, opinions, or diagnoses, made at or near the time by, or from information
19       transmitted by, a person with knowledge, if kept in the course of a regularly
         conducted business activity, and if it was the regular practice of that business activity
20       to make the memorandum, report, record or data compilation, *all as shown by the
         testimony of the custodian or other qualified witness*, or by certification that complies
21       with Rule 902(11). Rule 902(12), or a statute permitting certification, unless the
         source of information or the method or circumstances of preparation indicate lack of
22       trustworthiness.

23  Fed. R. Evid. 803(6) (emphasis added).  Federal Rule of Evidence 902(11) provides that a document

24  admissible under Rule 803(6) is properly authenticated when it is "accompanied by a written

25  declaration of its custodian or other qualified person," and it certifies that the record was made at or

26  near the time of the occurrence by a person with knowledge of the matters, the record was kept in

27  the course of regularly conducted activity, and the record was made as part of a regular practice.

28  Fed. R. Evid. 902(11).

1    Here, counsel for defendants drafted the affidavit accompanying plaintiff's NOTIS records.

2    As lawyers in the attorney general's office are not custodians of NDOC records, nor can counsel for

3    defendants claim to have personal knowledge of the matters asserted within the records, her affidavit

4    is not an appropriate means of authentication.

5    For the reasons stated above, the court recommends that defendants' motion to dismiss

6    counts one and five for failure to exhaust be denied.

7    **2.    Personal Participation-Dismissal for Failure to State a Claim**

8    Defendants raise for the first time in their reply, the argument that plaintiff's claims against

9    defendants Rimington, Rigney, McDaniel, and Endel fail to allege personal participation on the part

10   of these defendants and, therefore, must be dismissed pursuant to Federal Rule of Civil Procedure

11   12(b)(6).  In his surreply addressing defendants' argument, plaintiff first asserts that defendants'

12   reply brief is untimely.  Plaintiff also believes that he submits evidence of defendants' personal

13   participation in exhibits attached to his opposition.

14   There are several initial matters the court must address.  First, the court admonishes

15   defendants to raise all relevant issues in their initial motion.  While the court, in its discretion,

16   allowed defendants' personal participation argument to proceed in this case by providing plaintiff

17   with the opportunity to file a surreply, it may not be so inclined in the future.  Second, with respect

18   to plaintiff's claim that defendants' reply was not timely filed, plaintiff is correct.  *See* Fed. R. Civ.

19   P. 6(a)(1).  However, as the court granted plaintiff an opportunity to file a surreply, he was not

20   prejudiced or damaged by defendants' delay so the court will consider both the reply and surreply

21   in its analysis.  Finally, this motion is brought pursuant to Rule 12(b)(6); therefore, the court may

22   only consider plaintiff's complaint, any attachments to the complaint, or facts about which the court

23   may take judicial notice to avoid converting the motion to one for summary judgment. Fed. R. Civ.

24   P. 12(d).  As a result, plaintiff's claims that he attached evidence to his opposition are not relevant

25   to the court's analysis and the court will only consider the facts presented in plaintiff's complaint.

26   The court now turns to the merits of defendants' motion to dismiss defendants Rimington,

27   Rigney, McDaniel, and Endel for plaintiff's failure to allege their personal participation.

28   ///

1          a.      **First Amendment Retaliation**

2          "A prison inmate retains those First Amendment rights that are not inconsistent with his

3   status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v.*

4   *Procunier*, 417 U.S. 817, 822 (1974).   "Within the prison context, a viable claim of First

5   Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some

6   adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such

7   action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not

8   reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th

9   Cir. 2005).

10         In his complaint, plaintiff alleges that defendants Rimington and Rigney, "maliciously and

11  intentionally participate[d] together with Sgt. Hunt and Sgt. Bryant, in the punishment and

12  discriminatory acts against plaintiff for his religion and political beliefs, by conducting yet another

13  search and inventory of plaintiffs [sic] property, which was obviously and overtly retaliatory in

14  nature" (#8, p. 11).   Plaintiff goes on to state that defendants Rimington and Rigney claimed that

15  plaintiff's religious property was not listed on his property card and was therefore subject to seizure.

16  *Id.*  Defendants argue that plaintiff does not articulate specific acts for which defendants Rimington

17  and Rigney may be held liable (#28, p. 3).

18         The court disagrees with defendants.   Plaintiff's allegations plainly state that defendants

19  Rimington and Rigney participated in an "affirmative act" - the unnecessary inventory and

20  classification of plaintiff's property - because of his political and religious affiliation.  *See Johnson*

21  *v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person 'subjects' another to the deprivation of a

22  constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

23  in another's affirmative acts, or omits to perform an act which he is legally required to do that causes

24  the deprivation of which the complaint is made.").   Plaintiff further asserts that these retaliatory acts

25  prevented him from accessing his religious items, thus chilling his First Amendment rights.

26  Therefore, the court recommends denial of defendants' motion to dismiss defendants Rimington and

27  Rigney for failure to allege personal participation for violation of plaintiff's First Amendment rights.

28  ///

1

###### b.      Supervisory Liability

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir.1978), *cert. denied*, 442 U.S. 941 (1979).  To show a prima facie case of supervisory liability, plaintiff must allege facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or implemented "a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989) (quoting *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987)); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be alleged to support claims under Section 1983.  *See Leatherman v. Tarrant Cnty. Narcotics Unit*, 507 U.S. 163 (1993).

In his complaint, plaintiff alleges that defendants Endel and McDaniel denied his "legitimate claims of staff misconduct" and failed to report the misconduct to the inspector general's office as required by NDOC regulation.  *Id.* at 14.  Plaintiff believes this conduct shows defendants Endel and McDaniel's "complicity and malicious intent."  *Id.* at 15.  Defendants believe that plaintiff is trying to hold defendants Endel and McDaniel liable simply because they are supervisors (#28, p. 4).  They explain further that "Plaintiff's complaint does not make it plausible that these defendants participated in any retaliatory act or otherwise caused Plaintiff to suffer" constitutional violations.  *Id.*

Again, the court disagrees with defendants.  Plaintiff alleges that defendants Endel and McDaniel neglected to refer his claims of staff misconduct to the Inspector General's office for investigation.   Plaintiff's claim that defendants Endel and McDaniel did not report the purported violations of plaintiff's constitutional rights implicates their knowledge of the violations and failure to act to prevent them.  Therefore, the court finds that plaintiff states claims against defendants Endel and McDaniel and recommends that defendants' motion to dismiss as to these defendants be denied.

**III. CONCLUSION**

Based on the foregoing and for good cause appearing, the court concludes defendants' motion to dismiss should be denied. The parties are advised:

1.      Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.      This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**IV.  RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss (#17) be **DENIED**.

**DATED**: July 29, 2011.

_____
**UNITED STATES MAGISTRATE JUDGE**